## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD GLENN BARNETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-64-JD |
| ) | |
| TURN KEY HEALTH CLINICS LLC et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order entered by United States District Judge Jodi W. Dishman, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B).

On January 17, 2025, the undersigned entered an order granting Plaintiff's Motion to Proceed *In Forma Pauperis,* (ECF No. 5), but ordered Plaintiff to pay an initial partial filing fee of $21.84. Plaintiff's deadline for submitting said payment was initially February 3, 2025, but Plaintiff was *sua sponte* granted an extension until February 27, 2025. Plaintiff was also advised that he could voluntarily dismiss this action in accordance with Fed. R. Civ. P. 41(a) on or before February 27, 2025, without incurring any fees or costs. Plaintiff was cautioned that the undersigned would recommend that the action be **DISMISSED** without prejudice if Plaintiff failed to comply with his

obligation to make the initial partial payment or show cause in writing for the failure to pay by the specified date.

As of this date, Plaintiff has failed to pay the filing fee as required. In fact, Plaintiff has failed to respond to the Court's Order in any way. Additionally, the Court's records reflect that mail addressed to Plaintiff is being returned as undeliverable. The envelope indicates "return to sender, not deliverable as addressed, unable to forward". *See* ECF No. 8 and 9. To date Plaintiff has not submitted a notice of change of address to the Clerk of Court. Plaintiff is responsible for notifying the court of any change of address. *See* LCvR 5.4(a). Moreover, "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court."

Thus, the action is subject to dismissal without prejudice to re-filing. LCvR 3.4(a); *See Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay). *See also Kennedy v. Reid,* No. 06-1075, 208 Fed. Appx. 678 (10th Cir. Dec. 13, 2006) (finding no abuse of discretion in district court's dismissal without prejudice of section 1983 action due to litigant's failure to timely pay initial filing fee); *Campanella v. Utah County Jail*, Nos. 02-4183, 02-4215, 02-4235, 78 Fed. Appx. 72, 73 (10th Cir. Oct. 10, 2003) (same). Moreover, under Fed. R. Civ. P. 41(b) a district court may dismiss an action because the plaintiff fails to comply with a court order requiring partial payments. *Cosby*, 351 F.3d at 1327.

## RECOMMENDATION

In light of the foregoing, the undersigned hereby recommends that this action be **DISMISSED without prejudice** for Plaintiff's failure to pay the initial filing fee as ordered by the Court.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised that any objections to this Report and Recommendation must be filed with the Clerk of this Court on or before **March 21, 2025,** in accordance with 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual findings and the legal issues decided herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This report and recommendation terminates the referral to the undersigned magistrate judge unless and until the matter is re-referred.

ENTERED on March 4, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE