### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD GLENN BARNETT, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TURN KEY HEALTH CLINICS, LLC, ) <br> official capacity; TOMMIE JOHNSON, III, ) <br> official capacity, Oklahoma County Sheriff; ) <br> and OKLAHOMA COUNTY BOARD OF ) <br> COUNTY COMMISSIONERS, ) <br> official capacity, ) <br> ) <br> Defendants. ) | Case No. CIV-25-00064-JD |

### **ORDER**

On January 15, 2025, Plaintiff filed this prisoner civil rights action [Doc. No. 1] and filed a motion for leave to proceed in forma pauperis [Doc. No. 2]. The Court referred this action to United States Magistrate Judge Shon T. Erwin under 28 U.S.C. § 636. [Doc. No. 4].

On January 17, 2025, Judge Erwin issued an order granting Plaintiff's motion for leave to proceed in forma pauperis, meaning that Plaintiff would be allowed to proceed in his civil action without prepayment of the full filing fee but would still be required to pay the filing fee of $350.00. *See* [Doc. No. 5]; *see also* 28 U.S.C. § 1915(b)(1). The order required Plaintiff to pay an initial partial filing fee of $21.84 by February 3, 2025.[1] [Doc. No. 5 at 2]. After payment of the initial partial filing fee, the order explained that Plaintiff

---

[1] This deadline was extended by Judge Erwin's February 13, 2025 Order. *See* [Doc. No. 7].

shall make monthly payments until he has paid the $350.00 filing fee. *See id.* Judge Erwin warned Plaintiff that his failure to comply with the order will result in the dismissal of the action without prejudice. *See id.*

When Plaintiff failed to comply with the orders of January 17, 2025 and February 13, 2025, Judge Erwin issued a Report and Recommendation on March 4, 2025, recommending that the Court dismiss Plaintiff's action without prejudice for Plaintiff's failure to comply with the Court's order to pay the initial partial filing fee and for failure to abide by the Court's rules in updating his address. [Doc. No. 10 at 1–2]. Judge Erwin advised Plaintiff of his right to object to the Report and Recommendation by March 21, 2025, and explained that his failure to timely object to the Report and Recommendation would waive appellate review of the factual and legal issues contained in the Report and Recommendation. *Id.* at 3. To date, Plaintiff has not filed an objection to the Report and Recommendation, or otherwise made any effort to prosecute this action.[2]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.

---

[2] The Court's record reflects that the orders of January 17, 2025 and February 13, 2025 [Doc. Nos. 5, 7] and the Report and Recommendation of March 4, 2025 [Doc. No. 10], were mailed to Plaintiff at his provided address and returned to the Court as undeliverable. *See* [Doc. Nos. 6, 8, 9 and 11].
However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").

1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and concurring with Judge Erwin's findings and recommendations, the Court ACCEPTS the Report and Recommendation [Doc. No. 10]. For the reasons stated in the Report and Recommendation, the Court DISMISSES Plaintiff's action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 31st day of March 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE